IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT VANDERPLOEG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| NOBI CONCEPTS, INC. and NASA | ) | |
| SHOPPING CENTER, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ROBERT VANDERPLOEG, by and through the undersigned counsel, and files this, his Complaint against Defendants, NOBI CONCEPTS, INC. and NASA SHOPPING CENTER, L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' NOBI CONCEPTS, INC. and NASA SHOPPING CENTER, L.P., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, ROBERT VANDERPLOEG (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, NOBI CONCEPT, INC. (hereinafter "NOBI CONCEPT, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, NOBI CONCEPT, INC., may be properly served with process via its registered agent for service, to wit:  c/o Charles Cung Nguyen, Registered Agent, 14603 Cobre Valley Drive, Houston, TX  77062.

9.      Defendant, NASA SHOPPING CENTER, L.P. (hereinafter "NASA SHOPPING CENTER, L.P."), is a Texas limited partnership that transacts business in the State of Texas and

2

within this judicial district.

10.     Defendant, NASA SHOPPING CENTER, L.P., may be properly served with process via its registered agent for service, to wit:   Samer Danial, Registered Agent, 5868 Westheimer Road, Suite 531, Houston, TX 77057.

## FACTUAL ALLEGATIONS

11.     On or about January 5, 2020, Plaintiff was a customer at "Nobi Public House," a business located at 241 E Nasa Pkwy, Webster, TX 77598, referenced herein as the "Nobi."

12.     Nobi is operated by Defendant, NOBI CONCEPTS, INC.

13.     Defendant, NOBI CONCEPTS, INC., is the lessee or sub-lessee of the real property and improvements that Nobi is situated upon and that is the subject of this action.

14.     Defendant, NASA SHOPPING CENTER, L.P., is the owner or co-owner of the real property and improvements that Nobi is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives 3 miles from Nobi and the Property.

16.     Plaintiff's access to the business located at 241 E Nasa Pkwy, Webster, TX 77598, Harris County Property Appraiser's parcel/identification number 0362200000009 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at Nobi and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Nobi and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Nobi and the Property within six months

3

after the barriers to access detailed in this Complaint are removed and Nobi and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when Nobi and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends to revisit Nobi and the Property to purchase food and/or services as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Nobi and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Nobi and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Nobi and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education,

transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.  Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

5

25.     Nobi is a public accommodation and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.     Nobi must be, but is not, in compliance with the ADA and ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.     Plaintiff has attempted to, and has to the extent possible, accessed Nobi and the Property in his capacity as a customer of Nobi and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Nobi and the Property that precluded and/or limit his access to Nobi and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Nobi and the Property again in the very near future as a return customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Nobi and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Nobi and the Property that preclude and/or limit his access to Nobi and the Property and/or the goods,

6

services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants have discriminated against Plaintiff (and others with disabilities) by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Nobi and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at Nobi and the Property, including those specifically set forth herein, and make Nobi and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Nobi and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Nobi and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Unit 209, there are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    Near Unit 209, there are two accessible parking spaces that are not adequately marked, due to a failure to enact an adequate policy of maintenance, and are in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii)     Near Unit 209, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)     Near Unit 209, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(v)     Near Unit 209, there is an excessive vertical rise in the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(vi)     Near Unit 209, there is an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)     Near Unit 209, there is an excessive vertical rise along the accessible route or path, due to a large gap in between the accessible ramp and the pavement to the access route, in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(viii)     Near Nobi, there is an accessible parking space that is not adequately marked, due to a failure to enact an adequate policy of maintenance, and is in violation of

Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ix)    Near Nobi, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(x)    Near Nobi, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xi)    Near Nobi, there is an excessive vertical rise in the accessible ramp, due to a failure to repair a large gouge, in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xii)    Near Nobi, there is an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xiii)    Near Nobi, there is an excessive vertical rise at the top of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xiv)   Near Nobi, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xv)   Near Nobi, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(xvi)   Near Nobi, due to the presence of a barrier in the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xvii)   Near Nobi, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xviii)   The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are approximately 128 total parking spaces requiring at least 5 accessible parking spaces, but there are only 4 accessible parking spces This violation made it difficult for Plaintiff to locate an accessible parking space.

(xix)   Inside Nobi, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xx)   Inside Nobi, the interior has walking surfaces leading to the western restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing canisters in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xxi)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

NOBI WESTERN RESTROOM

(i)   The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)     The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(iv)     The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(v)      The restroom lacks proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vi)     The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vii)    The door of the restroom entrance lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent locker, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

NOBI EASTERN RESTROOM

(viii)   The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ix)   The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(x)   The door hardware of the bathroom entrance has operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xi)   Hand drying devices in the restrooms are located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xii)   Restrooms have a wooden barrel sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xiii)   The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for

the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(xiv)   The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing and the side bar is too short. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xv)   The toilet paper dispenser in the accessible toilet is not positioned properly and violates Section 604.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Nobi and the Property.

37.   Plaintiff requires an inspection of Nobi and the Property in order to determine all of the discriminatory conditions present at Nobi and the Property in violation of the ADA.

38.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.   All of the violations alleged herein are readily achievable to modify to bring Nobi and the Property into compliance with the ADA.

40.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Nobi and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.   Upon information and good faith belief, the removal of the physical barriers and

14

dangerous conditions present at Nobi and the Property is readily achievable because Defendants have the financial resources to make the necessary modifications as the market value of the Property is listed by the Property Appraiser at $2,350,498.00.

42.     Upon information and good faith belief, Nobi and the Property has been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Nobi and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, NOBI CONCEPTS, INC. and NASA SHOPPING CENTER, L.P., to modify Nobi and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, NOBI CONCEPTS, INC., in violation of the ADA

and ADAAG;

(b)     That the Court find Defendant, NASA SHOPPING CENTER, L.P., in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, NOBI CONCEPTS, INC. and NASA SHOPPING CENTER, L.P., from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, NOBI CONCEPTS, INC. and NASA SHOPPING CENTER, L.P., to (i) remove the physical barriers to access and (ii) alter Nobi and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 5, 2020.

Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

16